Anne L. Weismann
D.C. Bar No. 298190
Melanie Sloan
D.C. Bar No. 434584
Citizens for Responsibility
and Ethics in Washington
1400 Eye Street, N.W.
Suite 450
Washington, D.C. 20005
202-408-5565

Attorneys for Plaintiff

**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON 1400 Eye Street, N.W., Suite 450, Washington, D.C. 20005<br><br>Plaintiff,<br><br>v.<br><br>U.S. DEPARTMENT OF EDUCATION 400 Maryland Avenue, S.W. Washington, D.C. 20202,<br><br>Defendant. | Civil Action No. 1:07-cv-00963 (RMU) |

**COMPLAINT FOR DECLARATORY JUDGMENT**

1. This is an action under the Administrative Procedure Act ("APA"), 5 U.S.C. §706, and the Federal Records Act ("FRA"), 44 U.S.C. §§ 2101 et seq., 2901 et seq., 3010 et seq., and 3301 et seq., which includes the Disposal of Records Act, 44 U.S.C. §§3301-3314, challenging as contrary to law the knowing failure of the U.S. Department of Education ("Education") to preserve copies of electronic records of official Education business created by agency employees through the use of outside (i.e., non-governmental) email accounts.

2. This case seeks declaratory relief that Education's record- keeping guidelines and directives are arbitrary, capricious, and contrary to the FRA because they fail to ensure preservation of electronic records created in the conduct of agency business.

## JURISDICTION AND VENUE

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over Education pursuant to 5 U.S.C. § 702, which gives the Court jurisdiction over agency actions where an aggrieved party has suffered wrong within the meaning of a "relevant statute," here the FRA. This Court also has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 703.

## PARTIES

4. Plaintiff Citizens for Responsibility and Ethics in Washington ("CREW") is a non-profit corporation, organized under section 501(c)(3) of the Internal Revenue code. CREW is committed to protecting the right of citizens to be informed about the activities of government officials and to ensuring the integrity of government officials. CREW is dedicated to empowering citizens to have an influential voice in government decisions and in the governmental decision-making process. To advance its mission, CREW uses a combination of research, litigation, and advocacy. As part of its research, CREW uses government records made available to it under the Freedom of Information Act ("FOIA").

5. CREW has invested considerable organizational resources in pushing the U.S. government to take ethics issues seriously. CREW monitors closely the laws and rules applicable to government agencies.

6. CREW has sought records from Education under the FOIA in the past and intends to

seek similar records in the future, given their usefulness in identifying the actual policies and practices of Education

7. CREW is harmed by Education's failure to adopt and comply with record-keeping guidelines and directives mandated by the FRA, because that failure has denied CREW access to records that are a critical part of the evidentiary record concerning Education's implementation of the Reading First Program and other aspects of the No Child Left Behind Act -- information that is "in the public interest." 44 U.S.C. §3303(a)(c)(3); *see also* <u>American Friends Service Comm. v. Webster</u>, 720 F.2d 29 (D.C. Cir. 1983).

8. Defendant Education is an agency within the meaning of 5 U.S.C. § 702. Education has adopted a record-keeping policy that has resulted in the agency's failure to preserve agency records and is responsible for the harm done to CREW's ability to obtain and make public those records. *See* 44 U.S.C. §§ 3301, <u>et seq.</u>; 5 U.S.C. §702.

## STATUTORY FRAMEWORK

9. The FRA is a collection of statutes that governs the creation, management and disposal of federal records. <u>See generally</u> 44 U.S.C. §§ 2101 <u>et seq.</u>, 2901 <u>et seq.</u>, 3010 <u>et seq.</u>, and 3301 <u>et seq.</u> Among other things, the FRA ensures "[a]ccurate and complete documentation of the policies and transactions of the Federal Government," as well as "judicious preservation and disposal of records." 44 U.S.C. § 2902.

10. To fulfill this purpose, the FRA requires the head of each agency to "make and preserve records containing adequate and proper documentation of the organization, functions, policies, decisions, procedures, and essential transactions of the agency." <u>Id.</u> at § 3101. Under the statute, each agency must also "establish and maintain an active, continuing program for the

economical and efficient management of the records of the agency," id. at § 3102, and must "establish safeguards against the removal or loss of records" the agency head determines are necessary and required by regulations of the Archivist. Id. at § 3105.

11. The FRA also prescribes the exclusive mechanism for the disposal of federal records, which it defines to include:

> all books, papers, maps, photographs, machine readable materials, regardless of physical form or characteristics, made or received by an agency of the United States Government under Federal law or in connection with the transaction of public business and preserved or appropriate for preservation by that agency . . as evidence of the organization, functions, policies, decisions, procedures operations, or other activities of the Government or because of the informational value of data in them.

44 U.S.C. § 3301. No records may be "alienated or destroyed" except pursuant to the disposal provisions of the FRA. Id. at § 3314.

12. The Archivist administers the provisions of the FRA and may authorize an agency to dispose of records that the agency no longer needs and that do not have "sufficient administrative, legal, research, or other value to warrant their continued preservation by the Government." 44 U.S.C. § 3303a(a). Only if the Archivist determines that agency records do not have administrative, legal, research, or other value can the Archivist authorize their disposal. Id. at §§ 3303a(a), (d), and (e).

13. An agency wishing to dispose of records must first submit to the Archivist either lists of records the agency head determines "are not needed by it in the transaction of its current business," 44 U.S.C. § 3303a(2), or "schedules proposing the disposal after the lapse of specified periods of time of records of a specified form or character" that the agency head determines will

not have "sufficient administrative, legal, research, or other value to warrant their further preservation by the Government." Id. at § 3303a(3). Upon receipt of such a request, the Archivist must issue a notice requesting public comment on the agency's proposal and the Archivist's staff must conduct its own assessment of the value of the records the agency is proposing to destroy. Id. at § 3303a(a). The Archivist is free to accept or reject an agency's proposal. Id.

14. If the Archivist learns of "any actual, impending, or threatened unlawful removal . . . or destruction of records in the custody of [an] agency," the Archivist is required to notify the head of the agency and assist the agency head "in initiating action through the Attorney General for the recovery of records wrongfully removed and for other redress provided by law." 44 U.S.C. § 2905(a). If the agency head does not initiate such action, the Archivist "shall request the Attorney General to initiate such action, and shall notify the Congress when such a request has been made." Id.

## FACTS GIVING RISE TO PLAINTIFF'S CLAIMS FOR RELIEF

15. On March 28, 2007, CREW sent a FOIA request to Education seeking records, regardless of format and including electronic records and information, of communications and other contacts concerning the Reading First program. Letter from Daniel C. Roth to U.S. Department of Education, Office of Management, March 28, 2007 (attached as Exhibit A).

16. On May 9, 2007, CREW's counsel participated in a conference call with Education about CREW's FOIA request. Education officials -- who included representatives from the agency's FOIA office, its Office of the General Counsel and its Office of Elementary and Secondary Education -- advised CREW that the agency could not search for email pertaining to

any particular subject matter without having the identity of a specific recipient or sender. In addition, a Department official advised CREW that Education personnel "often use private email addresses" and that Education "wouldn't have access to that." Education officials confirmed that agency personnel use private email accounts for official business and that this issue had arisen in the past in the context of other FOIA requests. See Letter from Melanie Sloan, Executive Director, CREW to John P. Higgins, Jr., Inspector General, Education, May 15, 2006 (attached as Exhibit B).

17. In a follow-up telephone call on May 14, 2007, an Education FOIA officer confirmed to CREW's counsel that Education employees sometimes use private email addresses to conduct official business, that such material would not be included in the agency's response to CREW's FOIA request and that this issue had come up in the past. Id.

18. In light of this information, CREW sent a letter to Education's Inspector General dated May 15, 2007, requesting that he commence an immediate investigation "to assess the extent and duration" of Education's practice of using outside email accounts to conduct official business, "the amount of official correspondence that has been lost or destroyed, and the effect of this practice on all records requests to the Department of Education." Id.

19. CREW's May 15 letter also pointed out that in addition to CREW's FOIA request, reporters have also been requesting agency documents under the FOIA, as has Rep. George Miller, Chairman of the House Committee on Education and Labor. Id.

20. To date, CREW has not received copies of any emails responsive to its March 28, 2007 FOIA request that were sent or received by Education employees using outside email accounts.

## PLAINTIFF'S CLAIMS FOR RELIEF

## CLAIM ONE

### (Policy to Fail to Maintain Records Subject to the FRA)

21. Plaintiff realleges and incorporates by reference all preceding paragraphs.

22. The electronic records that Education creates when it uses outside email accounts to conduct official business are records within the meaning of the Federal Records Act, 44 U.S.C. § 3314. Accordingly, any agency policy regarding preservation of these records must conform to the requirements of the FRA.

23. The policy of Education to permit agency employees to use outside email accounts to conduct official business with the knowledge that electronic records created as a result of that use were and continue to be sought under the FOIA is arbitrary, capricious, and contrary to law because it results in the failure to preserve records containing adequate and proper documentation of the organization, functions, policies, decisions, procedures, and essential transactions of the agency. 44 U.S.C. § 3101.

24. As a result of Education's unlawful policy in violation of the FRA, plaintiff was denied a right of access to information in the public interest, including evidence concerning how Education has implemented the Reading First program.

## CLAIM TWO

### (Policy to Destroy Records Subject to the FRA)

25. Plaintiff realleges and incorporates by reference all preceding paragraphs.

26. The electronic records that Education creates when it uses outside email accounts to conduct official business are records within the meaning of the Federal Records Act, 44 U.S.C. §

3314. Accordingly, any agency policy that permits or authorizes disposal or non-preservation of these records must conform to the requirements of the FRA.

27. The policy of Education to permit agency employees to use outside email accounts to conduct official business and then to dispose of any electronic records created by that use is arbitrary, capricious and contrary to law because it permits the disposal of records that have administrative, legal, research, or other value and because it permits the disposal of records that have not been subject to a disposition schedule that has been subject to notice and public comment and approved by the Archivist. Id. at §§ 3303(a), (d) and (e).

28. As a result of Education's unlawful policy in violation of the FRA, plaintiff was denied a right of access to information in the public interest, including evidence of how Education has implemented the Reading First program.

29. As a result of Education's unlawful policy, plaintiff was denied its right to notice and the opportunity to comment on the proposed destruction of agency

## PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court:

(1) Declare that Education's policy of permitting agency employees to use outside email accounts to conduct official business with the knowledge that electronic records created as a result of that use are not being preserved as agency records is arbitrary, capricious and contrary to law;

(2) Declare that Education's policy of knowingly permitting agency employees to destroy electronic records created by agency employees in the conduct of agency business through the use of outside email accounts is arbitrary, capricious and contrary to law;

8

(3) Award plaintiff reasonable attorney fees and litigation costs in this action, pursuant to 5 U.S.C. § 552(a)(4)(E); and

(4) Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

_____
Anne L. Weismann
(D.C. Bar No. 298190)
Melanie Sloan
(D.C. Bar No. 434584)
Citizens for Responsibility and Ethics
 in Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C. 20005
Phone: (20) 408-5565
Fax: (202) 588-5020

Attorneys for Plaintiff

May 22, 2007