UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| CITIZENS FOR RESPONSIBILITY AND ETHICS IN WASHINGTON,<br><br>    Plaintiff,<br><br>v.<br><br>UNITED STATES DEPARTMENT OF EDUCATION,<br><br>    Defendant. | Case No. 1:07CV00963-RMU |

**DEFENDANT'S OPPOSITION TO PLAINTIFFS' MOTION FOR LEAVE TO FILE SURREPLY**

Plaintiff's motion for leave to file a surreply makes no mention of the applicable legal standard, let alone meets that standard. Instead, Plaintiff seeks to recast its allegations in an effort to demonstrate that its Freedom of Information Act claim was properly characterized as a sustainable claim under the Federal Records Act. Such argument hardly addresses a new matter first presented in a reply brief as is required to justify a surreply. Defendant has maintained all along that Plaintiff has not properly pled a claim under the FRA. Accordingly, this Court should deny Plaintiff's motion and strike the surreply lodged with that motion.

**ARGUMENT**

Plaintiff clearly has not met the standard for granting leave to file a surreply. "A surreply may be filed only by leave of Court, and *only to address new matters raised in a reply*, to which a party would otherwise be unable to respond." *United States v. Baroid Corp.*, 346 F. Supp. 2d 138, 143 (D.D.C. 2004) (emphasis added). Such matters must be "truly new." *United States ex rel. Pogue v. Diabetes Treatment Ctrs. of America, Inc.*, 238 F. Supp. 2d 270, 277 (D.D.C.

2002). "A surreply is most appropriate where the new matter introduced is factual." *Id.*; *see, e.g., Flanagan v. Wyndham Int'l, Inc.*, 231 F.R.D. 98, 101 (D.D.C. 2005) (granting moving party leave to file surreply to respond to statements in a supplemental declaration filed with the opposing party's reply). Consistent with these authorities, leave should be denied here.

Plaintiff has not identified any "new matter" to which its surreply purports to respond. Instead, Plaintiff makes another attempt to demonstrate that this action should withstand dismissal. However, like Plaintiff's Complaint, the recast allegations in the proposed surreply do not provide the requisite basis for this Court to decide Plaintiff's claim under the Federal Records Act. Plaintiff is still unable to allege that the Department is not properly maintaining the records Plaintiff seeks in accordance with the FRA – a fact confirmed by Plaintiff's proposed surreply. *See* Plaintiff's Surreply to Defendant's Reply Memorandum in Further Support of its Motion to Dismiss at 1 ("***if*** defendant is allowing its employees to use private emails accounts to conduct official business this is the information that is not being captured in violation of the FRA" (emphasis added)). Moreover, as Defendant previously has demonstrated, even if the alleged policy authorizing Department employees to conduct official business through private emails exists, Plaintiff has not demonstrated that its alleged injury is traceable to any such policy.

Defendant first made these arguments in its motion to dismiss and Plaintiff had every opportunity to respond, if it could, in its Opposition. *See* Defendant's Motion to Dismiss for Lack of Jurisdiction at 11 (identifying specific allegations demonstrating that "Plaintiff merely speculates that documents responsive to its request are not properly being maintained"); *id.* at 13 (demonstrating that "to the extent that Plaintiff has suffered any injury at all, it is traceable to its refusal to accept the denial of its fee waiver request and its failure to submit an appropriately

narrow FOIA request"); *id.* at 14 (demonstrating that Plaintiff's allegations concerning whether the Department "is properly retaining and disposing of emails from personal accounts" are conditional or otherwise insufficient to provide the requisite factual basis). That Plaintiff failed to respond adequately in its Opposition is an insufficient basis to permit a surreply. *See* Reply in Support of Defendant's Motion to Dismiss for Lack of Jurisdiction at 4, 6, and 9 (demonstrating that Plaintiff's Opposition failed to address arguments raised in Defendant's motion to dismiss). Plaintiff is simply not entitled to another filing to raise arguments that it could have raised in its Opposition.

## CONCLUSION

For the foregoing reasons, the Department of Education respectfully requests that the Court deny Plaintiff's Motion for Leave to File Surreply.

Dated: September 11, 2007

OF COUNSEL:
JENNIFER A. GOODMAN
Attorney
U.S. Department of Education

Respectfully submitted,

PETER D. KEISLER
Assistant Attorney General,
Civil Division

JEFFREY A. TAYLOR
United States Attorney

ARTHUR R. GOLDBERG
Assistant Branch Director,
Federal Programs Branch

  s/ Jacqueline Coleman Snead
JACQUELINE COLEMAN SNEAD
(D.C. Bar No. 459548)
Trial Attorney
United States Department of Justice
Civil Division, Federal Programs Branch
20 Massachusetts Avenue, N.W., Rm 7214
Washington, DC 20530

Tel: (202) 514-3418
Fax: (202) 616-8470
jacqueline.snead@usdoj.gov

**Counsel for United States Department of Education**

**CERTIFICATE OF SERVICE**

I hereby certify that on September 11, 2007, a true and correct copy of the foregoing Defendant's Opposition to Plaintiff's Motion for Leave to File Surreply was electronically filed through the U.S. District Court for the District of Columbia Electronic Document Filing System (ECF) and that the document is available for viewing on that system.

                                        s/ Jacqueline Coleman Snead
                                        JACQUELINE COLEMAN SNEAD