## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF COLUMBIA

CITIZENS FOR RESPONSIBILITY AND ETHICS )
IN WASHINGTON,                          )
                                        )
     Plaintiff,                       )
                                        )
     v.                               )
                                        )
UNITED STATES DEPARTMENT OF             )
EDUCATION, MARGARET SPELLINGS, in her   )     Case No. 1:07CV00963-RMU
official capacity as the Secretary of Education, )
NATIONAL ARCHIVES AND RECORDS           )
ADMINISTRATION, DR. ALLEN WEINSTEIN,    )
in his official capacity as the Archivist of the )
United States,                          )
                                        )
     Defendants.                      )
_____ )

### REPLY IN SUPPORT OF DEFENDANTS' MOTION TO DISMISS CLAIMS ONE THROUGH FOUR OF THE AMENDED COMPLAINT

### INTRODUCTION

Plaintiff's Opposition confirms what Defendants have maintained throughout this litigation, namely, that this action was improperly filed under the Federal Records Act ("FRA"). None of the allegations in the Amended Complaint demonstrates that Plaintiff has standing to maintain its FRA claims or gives rise to an inference that the Department of Education is not properly maintaining email communications or that the Secretary of Education's or the Archivist's enforcement obligations under that Act have been triggered. Instead, those allegations demonstrate that the sole cause of Plaintiff's alleged injury, the failure to receive such communications in response to its March 28, 2007 Freedom of Information Act ("FOIA") request, is the Department's denial of Plaintiff's fee waiver request. Indeed, Plaintiff now admits

as much in its Opposition.  Since Plaintiff's alleged injury is not traceable to any Defendant's

practices under the FRA, all of Plaintiff's FRA claims fail for lack of standing and should be

dismissed.

That result is alternatively compelled under the ripeness doctrine because, as Defendants

demonstrated, Plaintiff's FRA claims are all predicated on the contingency that *if* the Department

is not properly maintaining email communications, it *likely* is in violation of the FRA.  Since

such improper maintenance is also a necessary element of those claims, they also fail

independently under Rule 12(b)(6) of the Federal Rules of Civil Procedure.  Nothing in

Plaintiff's Opposition dispels either conclusion.  Thus, whether this Court analyzes Plaintiff's

FRA claims under Rule 12(b)(1) or Rule 12(b)(6), they cannot withstand dismissal.

The same is also true of Plaintiff's challenge under FOIA, to the Department's failure to

produce records responsive to Plaintiff's request.  As long as the issue of fees is unresolved, the

Department, by regulation, suspends processing Plaintiff's FOIA request and thus the

Department's obligation to produce records is not triggered.  Plaintiff's Opposition ignores this

reality, which renders its challenge to the Department's failure to produce records premature, at

best.

Accordingly, this Court should grant Defendants' motion and dismiss Claims One

through Four of the Amended Complaint.

**ARGUMENT**

**I. PLAINTIFF HAS NOT ESTABLISHED STANDING TO MAINTAIN CLAIMS ONE THROUGH THREE UNDER THE FEDERAL RECORDS ACT.**

Although Plaintiff's Opposition correctly sets forth the requirements of Article III standing, Plaintiff erroneously contends that those requirements are satisfied here. *See* Plaintiff's Opposition to Defendants' Motion to Dismiss Claims One Through Four of the Amended Complaint ("Pl. Opp.") at 11 (noting that to invoke this Court's jurisdiction, Plaintiff must demonstrate an injury-in-fact that is traceable to the challenged conduct and likely to be redressed by the relief requested). Specifically, Plaintiff urges this Court to find standing to bring this action under the *Federal Records Act* ("FRA") based on Plaintiff's failure to receive certain records it requested under the *Freedom of Information Act* ("FOIA"). *See* Pl. Opp. at 12 (alleging that "CREW was frustrated in achieving its mission when it sought and was denied the requested information"). While under *FOIA*, such a denial is sufficient to confer standing, that is no basis for finding standing under the FRA. *See Sargeant v. Dixon*, 130 F.3d 1067, 1070 (D.C. Cir. 1997) ("anyone denied access to information under FOIA has standing to sue regardless of reason for wanting information" (citation omitted)).

**A. Plaintiff's Alleged Injury Is Based on Its Speculation that the Department Is Not Properly Maintaining Records Plaintiff Purports to Need.**

In actions such as this one purporting to challenge an agency's compliance with the FRA, D.C. courts have regarded as "questionable" whether organizations such as Plaintiff "whose goals and purposes are alleged to require access to [government] files and records . . . in order to enable them to disseminate information for organizational, educational, and political purposes" have standing. *American Friends Serv. Comm. v. Webster*, 485 F. Supp. 222, 226 (D.D.C. 1980);

*see also American Friends Serv. Comm. v. Webster*, 720 F.2d 29, 46 (D.C. Cir. 1983).  The

*American Friends* court, however, did not decide whether such organizations' claim that "if the

files [earmarked for destruction] are destroyed, they will be deprived of raw material for primary

research in the areas of their activities" met "the requisite injury-in-fact standard" because other

plaintiffs in the case "ha[d] adequately shown injury for standing purposes."  *American Friends*,

485 F. Supp. at 227.  But even if such a claim were sufficient, Plaintiff here clearly could not

make that claim.

As Defendants' motion demonstrated, the Department has not begun to process Plaintiff's

FOIA request for communications between the Department and White House staff concerning

the Reading First Program and communications between the Department and educational

publishers.  *See* Defendants' Motion to Dismiss Claims One Through Four of the Amended

Complaint ("Def. Mot.") at 14.  Since the Department has not determined what records are

responsive to those requests, Plaintiff can only speculate that records it needs are not being

maintained in accordance with the FRA, a clearly insufficient basis for standing.  *See Simon v.

Eastern Kentucky Welfare Rights Organization*, 426 U.S. 26, 44 (1976) ("unadorned speculation

will not suffice to invoke the federal judicial power").

Plaintiff's Opposition never addresses that deficiency in its allegations.  Instead, Plaintiff

complains that Defendants analogized it to the wrong plaintiffs' category in *American Friends*.

*See* Pl. Opp. at 12-14.  According to Plaintiff, it is more "like the first group of [] plaintiffs" in

*American Friends* because Plaintiff "has made FOIA requests in the past, has FOIA requests

pending with Education, and intends to request documents in the future."  Pl. Opp. at 13.  That

contention, however, selectively reads from that group's description in *American Friends* but, in

any event, is inconsequential.[1]  Plaintiff cannot make the injury claim of *any* of the *American*

*Friends* plaintiffs because Plaintiff only speculates that records it needs are not being maintained

properly.  *See American Friends*, 485 F. Supp. at 226 ("plaintiffs . . . made requests for FBI

documents . . . but such documents *reportedly* were destroyed notwithstanding such requests"

(emphasis added)).  Accordingly, Plaintiff's FRA claims should be dismissed for lack of a

cognizable injury.[2]

    **B.**    **Plaintiff's Alleged Injury Has Nothing To Do With Defendants' Practices Under the FRA.**

       Even if Plaintiff's "inability to obtain information it seeks through its FOIA request" is a

cognizable injury under the FRA, (Pl. Opp. at 15), it clearly is not traceable to Defendants'

practices under that statute.  Rather, as Defendants' motion demonstrated, Plaintiff has not

received the communications sought in its March 28, 2007 FOIA request because Plaintiff has

---

[1]  While noting that the group's members frequently used FOIA, the court described them as "individuals and organizations whose claimed need for FBI documents arises out of their professions as historians, journalists, teachers, film writers, or attorneys."  *American Friends*, 485 F. Supp. at 226.  Plaintiff, however, has not alleged that it is a professional organization of historians, journalists, teachers, film writers, or attorneys.  Instead, Plaintiff alleges that it is a "non-profit corporation . . . committed to protecting the right of citizens to be informed about the activities of government officials" that "[t]o advance its mission . . . uses government records made available to it under the Freedom of Information Act" (Amended Complaint for Declaratory Judgment and Injunctive Relief ("Amend. Compl.") ¶ 7) – a description that clearly makes Plaintiff more like the *American Friends* plaintiffs whose claim of injury was "questionable."  *Compare id. with American Friends*, 485 F. Supp. at 226 (describing that group of plaintiffs as "organizations whose goals and purpose are alleged to require access to [government records] . . . to disseminate information for organizational, educational, and political purposes").

[2]  Plaintiff contends that its "interests are also within the zone-of-interests of the FRA," which is a separate prong of the standing test, and not at all relevant to whether Plaintiff has demonstrated a cognizable injury.  *See American Friends*, 485 F. Supp. at 227 (noting that "the second prong of the standing test [is] that the claimed rights must be within the zone of interests protected and regulated by the statutes at issue").

not sufficiently narrowed its request and the parties have an unresolved issue over fees. *See* Def.

Mot. at 15-18; *see, e.g.,* Amend. Compl. Ex. B (Letter to Daniel Roth from Maria-Teresa Cueva

(April 16, 2007)) ("your request does not reasonably describe the records sought, and the

Department is unable to process your request regarding items 1 through 3 without further

clarification"); *id.* ("The Department has reviewed your [fee waiver] request and denies the

request because it fails to provide sufficient information to justify the Department's grant of a fee

waiver."). Indeed, Plaintiff itself attributes its claimed injury "*exclusively*" to Defendant's FOIA

response. Pl. Opp. at 18 (emphasis added); *see also id.* at 15-18.

Notwithstanding the misleading subheading for Plaintiff's discussion of the traceability

element of standing, that discussion never once mentions the FRA or Defendants' conduct

thereunder. *See id.* at 15 ("CREW's Injury Is Traceable to Defendant's Practices under the

FRA"). Instead, Plaintiff's entire discussion of that element concerns the Department's FOIA

response. *See, e.g., id.* at 17-18 (alleging that "because CREW is entitled to a fee waiver,

Education's continued denial of CREW's request for a fee waiver actually reinforces CREW's

injury-in-fact standing argument"). Thus, as Plaintiff concedes, "[u]nder these circumstances,

plaintiff's injury is traceable exclusively to defendant's refusal to grant plaintiff a fee waiver and

to release to plaintiff its requested records." *Id.* at 18. Since, by Plaintiff's own admission, its

alleged injury is not traceable to Defendants' practices under the FRA, all of Plaintiff's claims

under that statute fail for lack of standing. *See Community for Creative Non-Violence v. Pierce*,

814 F.2d 663, 668 (D.C. Cir. 1987) ("A party injured in fact may nevertheless lack standing if the

*challenged action* did not cause the injury." (emphasis added)).

## II.    PLAINTIFF'S FRA CLAIMS ALTERNATIVELY ARE UNRIPE BECAUSE THEY ARE PREDICATED ON A CONTINGENCY.

Plaintiff's Opposition never addresses – let alone disputes – the *specific allegations* Defendants identified as demonstrating that Plaintiff's FRA claims are predicated on a contingency.  *See, e.g.,* Def. Mot. at 19 (noting the conditional language of Plaintiff's allegations concerning whether "the Department is properly retaining and disposing of emails created under th[e challenged] policy"); *e.g.,* Amend. Compl. Ex. C ("*If* [] employees are regularly using private email accounts to send official email and the Department neither tracks nor stores such email . . . the Department of Education *is likely* operating in violation of the Federal Records Act" (emphasis added)).  Plaintiff purportedly dispenses with this argument in Defendants' motion with the unsubstantiated assertion that "CREW has alleged sufficient facts within its Complaint for the Court to make an informed decision about Education's violation of the FRA." Pl. Opp. at 18.  As a result, that argument in Defendants' motion is essentially unanswered and therefore should be deemed conceded.  *See, e.g., Chang v. United States*, __ F. Supp. 2d. __, 2007 WL 2007335, at *5 n.4 (D.D.C., July 10, 2007) ("treat[ing] plaintiffs' silence as a concession"); *Qutb v. Ramsey*, 285 F. Supp. 2d 33, 37 n.3 (D.D.C. 2003) (concluding that plaintiff conceded argument to which it failed to respond).  This Court accordingly should dismiss Plaintiff's FRA claims as not ripe for adjudication.  *See Worth v. Jackson*, 451 F.3d 854, 861 (D.C. Cir. 2006) (noting that "the Court has repeatedly held that '[a] claim is not ripe for adjudication if it rests upon contingent future events that may not occur as anticipated, or indeed may not occur at all'").

III.    **PLAINTIFF'S CHALLENGE TO THE DEPARTMENT'S FAILURE TO PRODUCE RECORDS RESPONSIVE TO PLAINTIFF'S FOIA REQUEST IS UNRIPE.**

Plaintiff's Opposition again misses the point in responding to Defendants' argument that Plaintiff's claim that the Department failed to produce responsive records is premature, at best. *See* Pl. Opp. at 19. Defendants demonstrated that, as long as the issue of fees is unresolved, the Department's obligation to produce communications responsive to Plaintiff's FOIA request is not triggered. *See* Def. Mot. at 21-22. FOIA only obligates an agency to produce nonexempt records upon a request that "reasonably describes such records and [] is made in accordance with published rules stating the time, place, fees (if any), and procedures to be followed." 5 U.S.C. § 552(a)(3)(A). The Department's obligation has not been triggered here because Plaintiff's request is overbroad and the issue of fees is unresolved. *See* Def. Mot. at 21-24. By regulation, the Department suspends processing a FOIA request if, as here, a fee waiver request is resolved against the FOIA requester. *See* 34 C.F.R. § 5.62(c); *see also* Declaration of Angela Arrington ¶ 5(c).[3] Plaintiff's complaint that the Department failed to produce responsive records is therefore premature. *See* Def. Mot. at 24 (explaining that "[a]s long as Plaintiff's request remains in [suspended] status, the Department's obligation to produce responsive records is not triggered"). Nowhere in Plaintiff's Opposition is that argument addressed. Instead, Plaintiff discusses factors that are inconsequential to whether the Department has any obligation to produce records given the suspended status of Plaintiff's request. *See* Pl. Opp. at 19 ("Education has never informed CREW of the ultimate cost of producing the documents for CREW"); *id.* ("Education, without

---

[3] The Declaration of Angela Arrington was attached as an exhibit to Defendants' motion.

resolution of the fee waiver issue, has already produced 400 documents to CREW").[4]  Such

factors clearly do not dispel the conclusion that Plaintiff's challenge to the Department's failure

to produce records is premature.  That claim accordingly should be dismissed as unripe.

## IV.    THIS COURT ALTERNATIVELY SHOULD DISMISS CLAIMS ONE THROUGH FOUR OF THE AMENDED COMPLAINT FOR FAILURE TO STATE A CLAIM.

As Defendants' motion demonstrated, the jurisdictional deficiencies of Claims One

through Four alternatively render them insufficient to state a claim for relief under Rule 12(b)(6)

of the Federal Rules of Civil Procedure.  *See* Def. Mot. at 24 ("Plaintiff's allegations are deficient

. . . as to all of its claims under the FRA because the record is utterly devoid of facts permitting

an inference of the Department's unlawful record-keeping practices – a necessary predicate for

the Department's alleged violation and the Secretary and the Archivist's enforcement

obligations"); *id.* ("Plaintiff's FOIA challenge to the Department's failure to produce records is

likewise lacking a necessary predicate – the statutory obligation to produce records").  Plaintiff's

conclusory response to the contrary is belied by Plaintiff's own allegations. *Compare, e.g.,* Pl.

Opp. at 20 ("CREW has alleged in its Amended Complaint the necessary facts to state claims

under these statutes") *with* Amend. Compl. Ex. G at p. 71 (Plaintiff's May 14, 2007 email

---

[4]  Notwithstanding the Department's production on April 16, 2007 of materials previously disclosed to the *Title I Monitor*, as Plaintiff well knows, all of the Department's subsequent communications with Plaintiff concerning its FOIA request were deemed to concern Items 1-3 of that request.  *See* Amend. Compl. Ex. F (Letter to Daniel Roth from Maria-Teresa Cueva (June 8, 2007)) ("The Department notes initially that, because you received information responsive to item number 4 of your March 28, 2007 request, your request for a fee waiver is deemed to concern only the items numbered 1, 2 and 3 of your March 28, [2]007 request.").  There is no dispute that the Department's processing of those items has been suspended pending resolution of the fee waiver dispute.  *See, e.g.,* Amend. Compl. Ex. B ("Once we receive your clarification and the issues regarding charges are resolved, we will begin processing your request.").

"memorializ[ing May 9, 2007] conversation about narrowing CREW's March 28, 2007 FOIA request") (noting the unremarkable fact that "a search undertaken pursuant to the original terms of our request would require individual searches of each of the Department's approximately 4,500 employee email accounts" and "email communications on personal email accounts would not be covered by such a search").  Even at the pleadings stage, there must be some *factual basis* for Plaintiff's claims.  Since there is not as to Claims One through Four, those claims should be dismissed.

## CONCLUSION

For the foregoing reasons and those explained in Defendants' Motion to Dismiss Claims One Through Four of the Amended Complaint, Defendants respectfully request that the Court grant this motion and dismiss those claim for lack of jurisdiction or alternatively, failure to state a claim.

Dated:  November 5, 2007                    Respectfully submitted,

OF COUNSEL:                                 PETER D. KEISLER
MARCELLA GOODRIDGE                          Assistant Attorney General,
Attorney                                    Civil Division
U.S. Department of Education
                                            JEFFREY A. TAYLOR
                                            United States Attorney

JASON R. BARON
Director of Litigation                      ELIZABETH J. SHAPIRO
National Archives and Records               Assistant Branch Director,
Administration                              Federal Programs Branch

                                              s/ Jacqueline Coleman Snead
                                            JACQUELINE COLEMAN SNEAD
                                            (D.C. Bar No. 459548)
                                            Trial Attorney
                                            United States Department of Justice
                                            Civil Division, Federal Programs Branch
                                            20 Massachusetts Avenue, N.W., Rm 7214

Washington, DC 20530
Tel: (202) 514-3418
Fax: (202) 616-8470
jacqueline.snead@usdoj.gov

**Counsel for Defendants**

## CERTIFICATE OF SERVICE

I hereby certify that on November 5, 2007, a true and correct copy of the foregoing Reply in Support of Defendants' Motion to Dismiss Claims One Through Four of the Amended Complaint was electronically filed through the U.S. District Court for the District of Columbia Electronic Document Filing System (ECF) and that the document is available for viewing on that system.

                                                       s/ Jacqueline Coleman Snead
                                               JACQUELINE COLEMAN SNEAD