UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| Citizens for Responsibility and<br>  Ethics in Washington,<br><br>      Plaintiff,<br><br>v.<br><br>United States Department of<br>  Education,<br><br>      Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | Civil Action No.:  07- 00963 (RMU) |

**PLAINTIFF'S REPLY TO DEFENDANT'S OPPOSITION TO PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT AND PLAINTIFF'S OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

**Introduction**

Plaintiff, Citizens for Responsibility and Ethics in Washington ("CREW"), has moved for summary judgment on its entitlement to a fee waiver for its Freedom of Information Act ("FOIA") request, as narrowed May 21, 2007, which is the subject of the above-captioned lawsuit.  In response, defendant United States Department of Education ("DOE") has filed both a response and cross-motion ("Defendant's Opposition") arguing that CREW has not established that it is entitled to a fee waiver; that its requests are too broad to entitle it to a fee waiver; and that CREW's request for a fee waiver for item 1 of its FOIA request is now moot.  Each of these arguments lacks merit and DOE's opposition generally suffers from a fatal defect:  the agency's refusal to acknowledge and take into consideration the narrowed request that is at issue.  Having failed initially at the administrative level to address CREW's request as narrowed, DOE's continuing objections to a fee waiver are essentially an effort to paper over its initial mistake.

1

**Argument**

**1. Item 1 of CREW's Narrowed Request Is Not Moot**

In its opposition, DOE maintains that the request for a fee waiver on item 1 of CREW's request is moot because DOE, by letter from counsel dated April 15, 2008, indicated to CREW that it would search for responsive records in conjunction with another request that is currently in litigation. Defendant's Opposition at 7, n.1; Declaration of Maria-Teresa Cueva ("Cueva Decl.") at Ex. J at 1. This argument ignores, however, that DOE has never actually granted CREW the requested fee waiver in this case. The fact that Defendant is actually searching for responsive documents is not the same thing as granting a fee waiver.

Further, that DOE in *CREW v. Department of Education*, Case No. 07-2055 (JDB), has specifically granted CREW a fee waiver, a fact that is noted in the status report to the Court,[1] merely underscores the arbitrary and capricious approach DOE has taken here to the entirety of CREW's fee waiver request. See Cueva Decl., Ex. I.

In sum, despite defendant's statement, the fee waiver issue pertaining to item 1 is clearly not moot. Inasmuch as defendant DOE does not contest plaintiff's motion for a fee waiver on item 1 in its opposition, CREW should be granted a fee waiver as to item 1 of plaintiff's request as narrowed on May 20, 2008.

**2. CREW's Request is not Overbroad**

In its opposition, DOE also argues that items 2 and 3 of CREW's FOIA request are overbroad and as a result CREW is ineligible for a Fee Waiver. Defendant's Opposition at 9-11. As sole support of its argument, Defendant attaches the cursory declaration of Maria-Teresa

---

[1] Of note, Claim Three in *CREW v. Department of Education*, Case No. 07-2055 (JDB) challenges DOE's pattern and practice of improperly denying CREW's requests for fee waivers for its FOIA requests.

2

Cueva, agency FOIA Liaison. According to Ms. Cueva, even plaintiff's revised request is overbroad because 1.) it seeks documents from January 21, 2001, which predates the enactment of the No Child Left Behind Act and the Reading First program; 2.) the number of offices to be searched does not significantly narrow the number of employees impacted from the original request; and 3.) the narrowed request added four additional search terms. Cueva Decl. ¶13.

DOE does not explain why a search for the requested items could not actually occur — it merely states that the request is "insufficient to assist Department employees in searching for records." Id. This claim, however, is ludicrous on its face. CREW, having provided DOE with a date, an office and specific search terms, has done all that FOIA requires to perfect its FOIA request. DOE, for its part, has not explained why, despite the provision of this specific information, it still cannot search for responsive documents. Thus, despite Ms. Cueva's assertion, defendant has not established that items 2 and 3 of the request cannot be searched by its FOIA Offices.

Coupled with its unsubstantiated argument that the search cannot be conducted based upon CREW's search terms and parameters, defendant DOE also claims that the search is too broad and is merely a fishing expedition. Defendant's Opposition at 11. In support of this proposition, defendant cites *Jarvik v. Central Intelligence Agency*, 495 F. Supp. 2d 67, 71 (D.D.C. 2007). The circumstances in *Jarvik,* however, are vastly different from the case at hand and DOE's citation seriously misconstrues what the court found. In *Jarvik*, the court concluded that the plaintiff had failed to show, in the administrative record that was before the Court, that its request will likely contribute significantly to public understanding of government operations. Id. at 67, 74. The statement about fishing expeditions concerns the fact that the record before the court did not sufficiently explain how the requested records would contribute to public

3

understanding of government operations. The court was not characterizing the fee waiver request as overbroad, contrary to DOE's suggestion. *Id.* at 73[2].

As plaintiff's Motion for Summary Judgment clearly established, the agency must specifically show how the agency would be burdened by the request at issue. *Public Citizen, Inc. v. Dep't of Educ.*, 292 F. Supp. 2d 1, 6-7 (D.D.C. 2003) (FOIA request for a search of 25,000 paper files for data "irregularly" stored by the agency not over broad where the defendants "merely claim[ed] that searching these 25,000 paper files would be 'costly and take many hours to complete'"); *Nation Magazine v. U.S. Customs Serv.*, 937 F. Supp. 39, 42 (D.D.C. 1996) (FOIA request that would require search for a single memorandum among chronological files that were neither indexed nor cross-indexed not over broad). DOE has still not satisfied its burden of providing "a sufficient explanation why a [given] search ... would be unreasonably burdensome." *Public Citizen*, 292 F. Supp. 2d at 6.

Nor has DOE adequately explained why it cannot search for the specific records requested by plaintiff. Plaintiff's request, which seeks documents from a certain date, is as reasonably specific as other requests under fee waiver case-law in this Circuit. See *Citizens for Responsibility and Ethics in Washington v. U.S. Dep't of Health & Human Servs.*, 481 F. Supp. 2d 99, 108 (D.D.C. 2006) (Plaintiff entitled to fee waiver where request was reasonably specific in parameters of search); *Judicial Watch, Inc. v. Rossotti*, 326 F.3d 1309, 1313 (D.C. Cir. 2003).

Thus, DOE's contention that items 2 and 3 of CREW's request are "overbroad" and cannot be searched by FOIA personnel is unsubstantiated does not provide an adequate basis to deny a fee waiver to plaintiff.

### 3. Plaintiff Has Established The Connection Between Requested Records And A Significant Contribution To The Public Understanding

---

[2] *Jarvik* is discussed at greater detail in Part C, below.

Defendant also argues that plaintiff has not established a connection between the requested records and a significant contribution to the public understanding. Defendant's Opposition at 12-15. In doing so, defendant again extensively cites *Jarvik*, 495 F. Supp. 2d at 72-73. Unfortunately for defendant, *Jarvik* is inapposite to the proposition that plaintiff is not entitled to a fee waiver and actually supports CREW's argument that it is indeed entitled to a fee waiver.

*Jarvik* simply does not support DOE's argument here that on this record CREW has failed to establish a connection between the requested records and a significant contribution to the public understanding. Unlike *Jarvik*, the administrative record here clearly establishes that the request will contribute significantly to public understanding of government operations. And unlike Jarvik, where the court found that the plaintiff has failed to show a connection between the requested material and U.S. government activity, *id*. at 72, CREW has shown a connection between the requested records and a U.S. government activity. As CREW advised DOE, it seeks to inform public understanding of how DOE has operated the Reading First program (requested records) and the role that the White House and educational publishers have had in developing and administering that program (U.S. Government Activity). Ex. G to Amended Complaint at 7; see also Exs. A, F to Amended Complaint.

In finding that Jarvik did not establish that his request will likely contribute significantly to public understanding of government operations, the court stated that the plaintiff failed to "explain how he plans to extract meaningful information about specific practices or policies of the CIA." *Jarvik* at 73. CREW however, has made this precise showing. As CREW advised DOE, its request is based in part on emails that DOE has already disclosed revealing that input from publishers to DOE officials critical of DOE's early administration of the Reading First

5

program was forwarded directly to then-Assistant to the President for Domestic Policy Spellings for her review. Ex. K to Amended Complaint. CREW will analyze the requested records to demonstrate the nature of and the extent to which the White House and private publishers were involved in DOE's administration of the Reading First program and whether these types of email exchanges were routine, which is a specific practice of the government.

Finally, the Jarvik court found that to receive a fee waiver, the requester need not show actual evidence confirming the sought after records will confirm its allegations when making its request, it need only "pinpoint the type of government activity he is investigating." *Jarvik* at 73. Plaintiff has done exactly that. Plaintiff has demonstrated that it is investigating contacts between publishers and the government and how those contacts have influenced government programs. Plaintiff has cited earlier e-mails to the Secretary of Education concerning this matter. This is exactly the type of request that significantly contributes to the public understanding of government operations and entitles plaintiff to a fee waiver.[3]

Defendant also argues that it properly denied CREW a fee waiver because CREW's request goes beyond, and is therefore much broader than the Reading First Program. Defendant's Opposition at 13. Initially, it should be noted that defendant has no idea if documents responsive to the request would go beyond the Reading First Program, because it has not searched for responsive records. *Id*. at 11,fn.4. Further, as previously stated in Plaintiff's Motion for a Summary Judgment at 13, fn.6, documents that go beyond the Reading First

---

[3] In its Opposition, defendant states that certain information in plaintiff's motion for summary judgment was not properly before it at the time of its administrative decision. Defendant's Opposition at 15. All the material in the record at the time of defendant's final administrative decision, however, is clearly sufficient to support a finding that plaintiff has established it's entitlement to a fee waiver. It is defendant's rationale in rejecting the fee waiver that is deficient in the record.

Program will still reflect on government operations, but "to the extent responsive documents are completely unrelated to the subject matter of CREW's request they would properly be considered non-responsive." In other words, DOE could legitimately exclude truly non-responsive documents from the scope of the request but it cannot use this rationale to deny CREW a fee waiver.

## CONCLUSION

Plaintiff has clearly established that it is entitled to a fee waiver pursuant to the fee waiver standards set forth at 5 U.S.C. § 552(a)(4)(A)(iii) and applicable case law. Thus, it is respectfully requested that plaintiff be awarded a fee waiver on its FOIA requests pertaining to the captioned lawsuit as amended May 21, 2007.

Dated: May 19, 2008                              Respectfully Submitted,

_____/s/_____
Scott A. Hodes, D.C. Bar #430375
P.O. Box 42002
Washington, D.C. 20015
301-404-0502
413-641-2833 (fax)

_____/s/_____
Anne L. Weismann, D.C. Bar # 298190
Melanie Sloan, D.C. Bar # 434584
Citizens for Responsibility and
 Ethics in Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C. 20005
202-408-5565
202-588-5020 (fax)

Attorneys for Plaintiff

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| Citizens for Responsibility and <br>   Ethics in Washington, <br><br>       Plaintiff, <br><br> v. <br><br> United States Department of <br>   Education, <br><br>       Defendant. | ) <br> ) <br> ) <br> ) <br> ) <br> ) Civil Action No.: 07- 00963 (RMU) <br> ) <br> ) <br> ) <br> ) <br> ) <br> ) |

## **PLAINTIFF'S REPLY TO DEFENDANT'S STATEMENT OF ADDITIONAL MATERIAL FACTS**

Pursuant to Local Rule 7.1(h), Plaintiff, Citizens for Responsibility and Ethics in Washington ("CREW"), by and through undersigned counsel, hereby submits this reply to Defendant's Statement of Additional Material Facts submitted as part of its Counterstatement of Material Facts 12-15.

12. Deny.

13. Agree except to aver that defendant in notifying plaintiff of its intent to conduct a search for material responsive to item 1 of CREW's FOIA request has not agreed to grant CREW a fee waiver on item 1 of CREW's FOIA request.

14. Deny. Plaintiff narrowed its FOIA request on items 2 and 3 of its request on May 21, 2007. Ex. F. to Amended Complaint. Further, CREW indicated to defendant that it was not interested in further narrowing of its request on April 4, 2008. See Declaration of Maria-Teresa Cueva, ¶21, attached to Defendant's Opposition to Plaintiff's Motion for Summary Judgment.

15. Agree.

Dated:  May 19, 2008                               Respectfully Submitted,

                                                                     _____/s/_____
Scott A. Hodes, D.C. Bar #430375
P.O. Box 42002
Washington, D.C.  20015
301-404-0502
413-641-2833 (fax)

_____/s/_____
Anne L. Weismann, D.C. Bar # 298190
Melanie Sloan, D.C. Bar # 434584
Citizens for Responsibility and
 Ethics in Washington
1400 Eye Street, N.W., Suite 450
Washington, D.C.  20005
202-408-5565
202-588-5020 (fax)

Attorneys for Plaintiff

2