**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

CITIZENS FOR RESPONSIBILITY AND ETHICS)
IN WASHINGTON,                                                  )
                                                                            )
       Plaintiff,                                        )
                                                                            )
       v.                                                      )     Case No. 1:07CV00963-RMU
                                                                            )
UNITED STATES DEPARTMENT OF               )
EDUCATION,                                                        )
                                                                            )
       Defendant.                                      )
_____)

**REPLY IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

       Notwithstanding the facially insufficient description of the records sought in Items 2 and 3 of Plaintiff's Freedom of Information Act ("FOIA") request – even as "narrowed" – Plaintiff contends that the Department of Education ("Department") should waive the fee associated with processing that request.  As presently worded, that request seeks all communications and contacts between the Department and any employee of certain educational publishers over a seven-year period, and all documents that mention or relate to such communications and contacts.  Plaintiff does not even identify a particular subject matter of these communications, contacts, or documents thereto related.  Instead, Plaintiff expects the Department to finance a fishing expedition for documents that Plaintiff contends might "shed light on the operations of the federal government."  FOIA, however, does not require government subsidization of such an effort.

In still another effort to waste scarce government resources – those of this Court – Plaintiff also seeks an advisory opinion on whether the Department properly denied Plaintiff's request for a waiver of the fees to process Item 1 of Plaintiff's request seeking White House communications related to the Reading First and Early Reading First programs.  As Plaintiff well knows, the Department is already processing that item, and any responsive documents yielded by that search will be produced next month *at no cost to Plaintiff.*  Thus, Plaintiff effectively has obtained the relief it seeks, and the propriety of the Department's fee waiver denial for that category of documents is moot.  Article III of the Constitution therefore prohibits the Court from nevertheless opining on that issue.

Since Plaintiff is entitled to none of the relief it seeks in this action and the Department properly denied Plaintiff's fee waiver request as to Items 2 and 3, the Court should grant this Cross Motion and enter judgment in favor of the Department.

## ARGUMENT

### A.    Plaintiff's Fee Waiver Claim Is Moot as to Item 1 of Plaintiff's FOIA Request.

Notwithstanding that the Department is processing at no cost to Plaintiff Item 1 of its request seeking White House communications related to the Reading First and Early Reading First programs, Plaintiff still complains that the Department "never actually granted CREW the requested fee waiver in this case."  Plaintiff's Reply to Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Plaintiff's Opposition to Defendant's Motion for Summary Judgment ("Pl. Opp.") at 2.  Plaintiff, however, effectively has received such a waiver, and thus the issue of whether Plaintiff was entitled to a waiver of the fees to process its request for that

category of documents is moot. *Compare* Declaration of Maria-Teresa Cueva ("Cueva Decl.")

¶ 22 & Ex. J (explaining that "defense counsel informed Plaintiff's counsel that since the FOIA

request in Case No. 07-2055 also seeks communications with the White House involving the

Department's Reading First and Early Reading First programs, but related to a different topic,

and Defendant is already conducting a search for White House communications pursuant to the

Joint Status Report filed in *CREW v. Department of Education*, Case No. 07-2055 (Apr. 2, 2008),

the Department, without waiving any of its defenses [here], has decided to include the terms of

item (1) of CREW's May 21, 2007 modified request in the search that already is underway"),

attached to Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Cross

Motion for Summary Judgment ("Def. Cross Mot."),[1] *with* Amended Complaint for Declaratory

Judgment and Injunctive Relief ("Amend. Compl.") at 17 (requesting the Court to "[o]rder

Education to release immediately all records responsive to plaintiff's FOIA request at no cost to

plaintiff"). An issue is moot where a plaintiff has "obtained everything that [it] could recover . . .

by a judgment of this [C]ourt in [its] favor." *See Better Government Ass'n v. Department of

State*, 780 F.2d 86, 91 (D.C. Cir. 1986) (concluding that fee waiver claim was moot); *see also*

---

[1] Plaintiff suggests that the Department's fee waiver in *CREW v. Department of Education*, Case No. 07-20055 (JDB) "merely underscores the arbitrary and capricious approach DOE has taken here to the entirety of CREW's fee waiver request." Pl. Opp. at 2. On the contrary, that case underscores the arbitrariness of *Plaintiff's* conduct. In that case, Plaintiff agreed to negotiate a narrowed search with the Department, and the parties "agreed that, for the sole purpose of resolving this action, Defendant will grant Plaintiff a public interest fee waiver for the search [as narrowed]." Cueva Decl. Ex. I (Joint Status Report in *CREW v. Department of Education*, Case No. 07-2055 (Apr. 2, 2008)). Here, in contrast, Plaintiff refused to discuss narrowing its request after defense counsel made that offer on March 24, 2008. *See* Cueva Decl. Ex. J; *see also* Plaintiff's Reply to Defendant's Statement of Additional Material Facts ¶ 14 ("CREW indicated to defendant that it was not interested in further narrowing of its request on April 4, 2008.").

*Marrera v. Department of Justice*, 622 F. Supp. 51, 55 (D.D.C. 1985) (holding fee waiver request moot in light of fact that "documents were released to the plaintiff, and no duplication fees were assessed by the FBI"). A "court may not rule on the merits of a case in which the claim for relief is moot." *Larsen v. United States Navy*, 486 F. Supp. 2d 11, 23 (D.D.C. 2007). Since that is the case with Plaintiff's fee waiver claim as to Item 1, the Court should not decide whether the Department properly denied Plaintiff's fee waiver request as to that category of documents. Indeed, to do so would violate the well-established principle that Article III courts lack the "power to render advisory opinions." *United States v. Weston*, 194 F.3d 145, 147 (D.C. Cir. 1999) (holding that a "federal court has neither the power to render advisory opinions nor 'to decide questions that cannot affect the rights of litigants in the case before them'" (citation omitted)).

Plaintiff cannot evade that result through its request for a declaratory judgment providing that "Education violated the Freedom of Information Act and agency regulations when it determined that plaintiff is not entitled to a waiver of fees associated with the processing of its FOIA request and [] that plaintiff is entitled to a fee waiver." Amend. Compl. at 17. "While the Declaratory Judgment Act . . . permits a federal court to declare the rights of a party whether or not further relief is or could be sought, . . . a declaratory judgment may not be used to secure judicial determination of moot questions." *Long v. Bureau of Alcohol, Tobacco & Firearms*, 964 F. Supp. 494, 497 (D.D.C. 1997) (citation and internal quotations omitted). Thus, notwithstanding Plaintiff's prayer for declaratory relief on the issue of the propriety of the Department's fee waiver denial as to Item 1, that issue is not properly before the Court.

**B.**     **Plaintiff Failed to Satisfy Its Burden of Demonstrating a Significant Public Contribution from Disclosure of the Department's Communications and Contacts With Educational Publishers.**

Plaintiff improperly seeks to shift its burden here to the Department.  *See* Pl. Opp. at 4 (contending that "DOE has still not satisfied its burden of providing a sufficient explanation why a [given] search . . . would be unreasonably burdensome" (internal quotations omitted)). Whether the Department properly denied Plaintiff's request for a waiver of the fees to process its request for all Department communications and contacts with educational publishers and all documents related thereto turns entirely on whether Plaintiff met its burden.  Specifically, Plaintiff bears the burden of establishing in the administrative record before the Department that "disclosure [of those records] is in the public interest because it is likely to contribute significantly to public understanding of the operations or activities of the government and is not primarily in the commercial interest of the requester."  5 U.S.C. § 552(a)(4)(A)(iii); *see also Jarvik v. Central Intelligence Agency*, 495 F. Supp. 2d 67, 71 (D.D.C. 2007) (explaining that the requester "bears the burden of establishing these two elements in the administrative record," and "the request must be formulated with reasonable specificity . . . based on more than conclusory allegations" (internal quotations omitted)).  As the Department's Cross Motion for Summary Judgment demonstrated, Plaintiff clearly has not met that burden.  *See* Def. Cross Mot. at 12-13 ("None of the submissions to the Department in support of Plaintiff's fee waiver request described with reasonable specificity any significant contribution to the public's understanding from disclosure of records responsive to Items 2 and 3 [requesting Department communications and contacts with educational publishers and documents related thereto].").

Nothing in Plaintiff's Opposition undermines that conclusion.  Purporting to distinguish only one of the authorities on which the Department's Cross Motion relied, Plaintiff contends that it is entitled to a fee waiver because Plaintiff has "pinpoint[ed] the type of government activity [it] is investigating."  Pl. Opp. at 6 (quoting *Jarvik*, 495 F. Supp. 2d at 73).  *Without citation to anything in the administrative record before the Department*, Plaintiff asserts that it has "demonstrated that it is investigating contacts between publishers and the government and how those contacts have influenced government programs."  Pl. Opp. at 6.  That demonstration, however, was nowhere in the materials before the Department when it denied Plaintiff's fee waiver request on June 8, 2007.  *See, e.g.,* Cueva Decl. Ex. A (CREW'S March 28, 2007 FOIA Request) (explaining that "[t]he subject of this request concerns the operations of the federal government, and the disclosures will likely contribute to a better understanding of relevant government procedures by CREW and the general public in a significant way").  The reasonableness of the Department's fee waiver denial, of course, "depends on the information before it *at the time of its decision*."  *National Treas. Employees Union v. Griffin*, 811 F.2d 644, 648 (D.C. Cir. 1987) (emphasis added).

Plaintiff's reliance on the conclusory allegations presented for the first time in the *administrative appeal* of the Department's fee waiver denial is also to no avail.  *See* Pl. Opp. at 6. Those allegations reaffirm that the Department's denial was reasonable.  *Compare* Cueva Decl. Ex. G at 6, 7 (CREW'S June 21, 2007 Administrative Appeal) (contending that "[t]he records CREW seeks in items 2 and 3 will likely contribute significantly to the public's understanding of the extent to which publishers were in contact with Department and administration personnel during the Reading First development and grant process" and, to the extent those items "go

6

beyond Reading First," disclosure "will still shed light on the operations of the federal government, and therefore meet the public interest requirement for a fee waiver")[2] *with National Treasury*, 811 F.2d at 647 ("When a public interest is asserted but not identified with reasonable specificity, and circumstances do not clarify the point of the requests, it is not arbitrary or capricious for an agency to infer . . . [that a]ny benefit to the general public that might flow from furnishing the requested information is less than obvious" and on that basis deny the fee waiver). Since the Department's arguments thus stand unrebutted, the Court should uphold the Department's fee waiver denial.

## CONCLUSION

For the foregoing reasons and those explained more fully in Defendant's Opposition to Plaintiff's Motion for Summary Judgment and Cross Motion for Summary Judgment, the Department respectfully requests that the Court grant the Department's motion and enter judgment in its favor.

---

[2] Plaintiff erroneously suggests that the Department cannot know that "documents responsive to the request would go beyond the Reading First Program, because it has not searched for responsive records." Pl. Opp. at 6. The Department, however, does not need to commence that search to know that *the request* has no subject-matter limitation. *See* Def. Cross Mot. at 13 (demonstrating that Plaintiff disavows that Items 2 and 3 of its request are limited to communications and contacts related to the Reading First program). Thus, Plaintiff's further suggestion that "to the extent responsive documents are completely unrelated to the subject matter of CREW's request they would properly be considered non-responsive" is unfounded, (Pl. Opp. at 7); there is no identifiable "subject" of Plaintiff's request.

Dated:  May 30, 2008                    Respectfully submitted,

OF COUNSEL:                             GREGORY G. KATSAS
MARCELLA GOODRIDGE                      Acting Assistant Attorney General,
Attorney                                Civil Division
U.S. Department of Education
                                        JEFFREY A. TAYLOR
                                        United States Attorney

                                        ELIZABETH J. SHAPIRO
                                        Assistant Branch Director,
                                        Federal Programs Branch

                                         s/Jacqueline Coleman Snead
                                        JACQUELINE COLEMAN SNEAD
                                        (D.C. Bar No. 459548)
                                        Trial Attorney
                                        United States Department of Justice
                                        Civil Division, Federal Programs Branch
                                        20 Massachusetts Avenue, N.W., Rm 7214
                                        Washington, DC 20530
                                        Tel: (202) 514-3418
                                        Fax: (202) 616-8470
                                        jacqueline.snead@usdoj.gov

                                        **Counsel for the Department of Education**

8

## CERTIFICATE OF SERVICE

I hereby certify that on May 30, 2008, a true and correct copy of the foregoing Reply in Support of Defendant's Cross Motion for Summary Judgment was electronically filed through the U.S. District Court for the District of Columbia Electronic Document Filing System (ECF) and that the document is available for viewing on that system.

_____s/ Jacqueline Coleman Snead_____
JACQUELINE COLEMAN SNEAD